UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **AURORA LOAN SERVICES, LLC,** | **CASE NO. SACV 10-0306 DOC (MLGx)** |
| **Plaintiff,** | |
| | **O R D E R TO SHOW CAUSE** |
| v. | |
| **KARIM MURRAY, and DOES 1 to 100, inclusive** | |
| **Defendants.** | |

This cause comes before the Court on its own initiative, upon review of the Notice of Removal, filed March 11, 2010. *See* Dkt. 1. According to the Notice of Removal, Plaintiff Aurora Loan Services, LLC ("Plaintiff") filed a complaint against Defendant in Superior Court of the State of California, County of Orange, alleging a cause of action for "unlawful detainer." *See id.*, ¶ 2. The Notice of Removal avers that the "Superior Corut of the State of California (Orange County) and the Attorneys (officers of the court) seem to have a system in place to take the homes of innocent California residents without any regard for the truth or fairness" when hearing eviction actions against Moroccan American residents of California. *See id.*, ¶¶ 4, 8.

The Notice of Removal also makes reference to an individual named "Renada Nadine March," who does not appear to have any connection whatsoever to this case or the parties to this case. *See id.*, ¶ 25.

Defendant contends that this Court has original jurisdiction over this action under 28 U.S.C. § 1443(1) and *Dombrowski v. Pfister*, 380 U.S. 479, 85 S.Ct. 1116 (1965). As this Court has reasons to doubt this statement, as set forth herein, Defendant is ORDERED TO SHOW CAUSE, in writing, within **fourteen (14) days** of this Order, why this case should not be remanded.

Federal court removal is governed by 28 U.S.C. § 1441, which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." The removing defendant must file a notice of removal, together with all process, pleadings, and orders served upon the defendant in the appropriate United States District Court. 28 U.S.C. § 1446(a). "The party seeking removal bears the burden of establishing federal jurisdiction. *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). Furthermore, courts construe the removal statute strictly against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt as to the right of removal in the first instance, remand must be granted. *See id.*

28 U.S.C. § 1443's applicability is limited to "the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that the petitioner's federal rights will inevitably be denied if the case is not removed." *Greenwood v. Peacock*, 384 U.S. 808, 828, 86 S.Ct. 1800 (1966) (internal quotations omitted). Under Section 1443(1), removal is proper in cases involving a "right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." A defendant seeking removal under section 1443(1) must allege the existence of a "state statute or constitutional provision that purports to command the state courts to ignore

1  federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998 (9th Cir. 2006) (remanding upon
2  removing defendants' failure to "point to [a] formal expression of state law that prohibits them
3  from enforcing their civil rights in state court [or] point to anything that suggests that the state
4  court would not enforce their civil rights in the state court proceedings.").

5        Defendant has failed to allege the existence of a California statute or constitutional
6  provision that purported to command California courts to ignore federal rights.  In virtually
7  identical circumstances, district courts have issued, and the Ninth Circuit has affirmed, sanctions
8  upon a finding of no objectively reasonable basis for removal under section 1443(1).  *See, e.g.*,
9  *Del Taco*, 446 F.3d at 998; *City of Santa Rosa v. Patel*, No. C-07-3528 MMC, 2007 WL
10 2790687, at *3-5 (N.D. Cal. Sept. 25, 2007); *Cal. v. Bhakta*, No. CV 04-2356 DSF (AJWx)
11 (C.D. Cal. 2004).

12       Accordingly, it appears to the Court that the case may have been improvidently
13 removed and Defendant is therefore ORDERED TO SHOW CAUSE in writing, within **fourteen**
14 **(14) days** of this Order, why this action should not be remanded to state court for failure to
15 establish subject matter jurisdiction.  Defendant is further ORDERED TO SHOW CAUSE,
16 within **fourteen (14) days** days of this Order as to why sanctions should not issue against him
17 as a result of the absence of an "objectively reasonable basis" for removal under Section
18 1443(1).

19
20
21 IT IS SO ORDERED.
22 DATED: March 24, 2010

*[signature: David O. Carter]*

_____
DAVID O. CARTER
United States District Judge

3