JS - 6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **AURORA LOAN SERVICES, LLC,** | **CASE NO. SACV 10-306 DOC (MLGx)** |
| Plaintiff, | |
| v. | **O R D E R REMANDING ACTION TO ORANGE COUNTY SUPERIOR COURT** |
| **KARIM MURRAY, and DOES 1 TO 10,** | |
| Defendants. | |

This cause comes before the Court on its own initiative, upon review of the Notice of Removal, filed March 11, 2010. *See* Dkt. 1. According to the Notice of Removal, Plaintiff Aurora Loan Services, LLC ("Plaintiff") filed a complaint against Defendant in Superior Court of the State of California, County of Orange, alleging a cause of action for "unlawful detainer." *See id.*, ¶ 2. The Notice of Removal filed by Defendant Karim Murray ("Plaintiff" or "Murray") avers that the "Superior Court of the State of California (Orange County) and the Attorneys (officers of the court) seem to have a system in place to take the homes of innocent California residents without any regard for the truth or fairness" when hearing eviction actions against

1  Moroccan American male residents of California. *See id.*, ¶¶ 4, 8, 13. On March 24, 2010, the
2  Court issued an Order to Show Cause, ordering that Defendant Murray show cause in writing
3  why the action should not be remanded to state court for failure to establish subject matter
4  jurisdiction. On April 9, 2010, Murray filed his response. In that response, he expanded his
5  claim from discrimination against Moroccan American male residents of California to
6  "minorities of Arab descent." Def.'s Opp. to Order to Show Cause at 5.

7       Defendant contends that this Court has original jurisdiction over this action under 28
8  U.S.C. § 1443(1).[1] "The party seeking removal bears the burden of establishing federal
9  jurisdiction." *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).
10 Furthermore, courts construe the removal statute strictly against removal. *Gaus v. Miles, Inc.*,
11 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt as to the right of removal in the first
12 instance, remand must be granted. *See id.*

13      28 U.S.C. § 1443's applicability is limited to "the rare situations where it can be clearly
14 predicted by reason of the operation of a pervasive and explicit state or federal law that the
15 petitioner's federal rights will inevitably be denied if the case is not removed." *Greenwood v.*
16 *Peacock*, 384 U.S. 808, 828, 86 S.Ct. 1800 (1966) (internal quotations omitted). Under Section
17 1443(1), removal is proper in cases involving a "right under any law providing for the equal civil
18 rights of citizens of the United States, or of all persons within the jurisdiction thereof." A
19 defendant seeking removal under section 1443(1) must allege the existence of a "state statute or
20 constitutional provision that purports to command the state courts to ignore federal rights." *Patel*
21 *v. Del Taco, Inc.*, 446 F.3d 996, 998 (9th Cir. 2006) (remanding upon removing defendants'

---

[1]  28 U.SC. § 1443(1) states:
    Any of the following civil actions or criminal prosecutions,
    commenced in a State court may be removed by the defendant
    to the district court of the United States for the district and
    division embracing the place wherein it is pending:
    (1) Against any person who is denied or cannot enforce in the
    courts of such State a right under any law providing for the
    equal civil rights of citizens of the United States, or of all
    persons within the jurisdiction thereof[.]

1  failure to "point to [a] formal expression of state law that prohibits them from enforcing their
2  civil rights in state court [or] point to anything that suggests that the state court would not
3  enforce their civil rights in the state court proceedings.").

4  Furthermore, under Section 1443(1), the rights that are being denied must be under a
5  federal law providing for civil rights *in terms of racial equity. Johnson*, 421 U.S. at 219. While
6  Murray has identified a racial group here–minorities of Arab descent–his actual allegations
7  appear to be that the customs deprive *all* unlawful detainer respondents of a fair hearing, which
8  would not fall within Section 1443(1)'s scope. *See* Def.'s Opp. at 5: 7-19, 23-27; 6: 3-4. The
9  Court further notes that Defendant Murray's Notice of Removal was strikingly similar to other
10 notices of removal received by this Court but pertaining to different racial, gender, or other
11 groups.

12 Defendant has failed to allege the existence of a California statute or constitutional
13 provision that purported to command California courts to ignore federal rights in terms of racial
14 equality; instead, he argues vaguely that the state courts have applied California Civil Code
15 Section 2924 unfairly because they have "formulated a special, local series of customs, practices
16 and polices" that cause respondents to always lose in unlawful detainer cases but does not tie
17 that deprivation to his claim of racial discrimination. In Defendant's response to the Order to
18 Show Cause, Defendant argues that Section 1443(1) should not be "construed so restrictively"
19 and that encourage the Court to have a more expansive reading of the state despite the fact that
20 "Defendant does admit that it appears from a review of the cases that civil rights removal is
21 grossly underused and underappreciated." Def.'s Opp. at 6. However, the Court is bound by
22 Supreme Court and Ninth Circuit case law on this issue. Defendant's failure to allege the
23 existence of the statute or constitutional provision purporting to command California courts to
24 ignore Defendant's rights is not a defect which would be served by an evidentiary hearing, as
25 Defendant suggests, nor is it a failure which the Court may ignore.

26 The Court, although it mentioned the possibility of issuing sanctions in the Order to Show
27 Cause, declines to do so.
28

1   For the foregoing reasons, the Court on its own initiative REMANDS this action to
2   Orange County Superior Court.
3   IT IS SO ORDERED.
4   DATED: April 14, 2010

*[signature: David O. Carter]*

_____
DAVID O. CARTER
United States District Judge